IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MARLIN E. JONES, | ) | 8:11CV130 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| CITY OF NORTH PLATTE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on April 7, 2011. (Filing No. 1.) Plaintiff was given leave to proceed in forma pauperis on May 12, 2011. (Filing No. 6.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff filed his Complaint against the City of North Platte, Nebraska ("North Platte"), Mike Swain ("Swain"), Jim Ady ("Ady"), and Monte McNeil ("McNeil"). (Filing No. 1 at CM/ECF p. 1.) According to Plaintiff's allegations, Swain is the chief of police in North Platte, while Ady and McNeil are police officers. (*Id.*) Liberally construed, Plaintiff alleges that on March 22, 2011, Ady and McNeil "appeared" at his residence and "proceed[ed] to accuse [him] of a criminal act with full knowledge that the basis for the accusation was relied upon by false information." (*Id.*) Plaintiff alleges that Ady and McNeil intended to charge Plaintiff with disturbing the peace, but he closed the door instead of arguing with them. (*Id.*) Plaintiff further alleges that a short time later, Swain left Plaintiff a telephone message instructing him to pick up his citation from the police station. Plaintiff did not pick up the citation "for fear of being arrested upon refusing to sign it." (*Id.*) Plaintiff seeks $150,000.00 in "actual and compensatory damages," as well as attorney fees, costs, and punitive damages. (*Id.* at CM/ECF p. 6.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

**A.** **Federal Law Claims**

The court has carefully reviewed Plaintiff's Complaint. As set forth below, the court determines that Plaintiff has not set forth enough factual allegations to nudge his claims across the line from conceivable to plausible.

Plaintiff alleges Defendants deprived him the right "to be free of intrusion into his life without a just or probable cause," and the right to "freedom from false accusation." (Filing No. 1 at CM/ECF p. 5.) The court is unable to determine from the face of the Complaint which, if any, federally cognizable civil rights Plaintiff alleges to have been deprived. On its own motion, the court will permit Plaintiff 30 days in which to amend his Complaint to sufficiently allege which federal statute or constitutional provision gives rise to his claim for alleged deprivation of rights.

In addition, to the extent Plaintiff alleges a § 1983 suit against the City of North Platte, as a municipal defendant, the City of North Platte may only be liable under section 1983 if its official "policy" or "custom" caused a violation of the plaintiff's constitutional rights. *Doe By & Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By & Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). To establish the existence of a governmental custom, a plaintiff must prove:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Here, Plaintiff does not allege that there is a continuing, widespread, persistent pattern of unconstitutional misconduct by North Platte employees, or that North Platte's policymaking officials were deliberately indifferent to or tacitly authorized any unconstitutional conduct. In addition, Plaintiff does not allege that an unconstitutional custom was the moving force behind his injuries. Accordingly, Plaintiff has failed to allege sufficient facts to "nudge" his claims against North Platte across the line from conceivable to plausible under the *Jane Doe* standard.

On its own motion, the court will permit Plaintiff 30 days in which to amend his Complaint to sufficiently allege a claim against North Platte in accordance with the *Jane Doe* standard. Any amended complaint must restate the allegations of Plaintiff's prior Complaint and any new allegations. Failure to consolidate all claims into one document will result in the abandonment of claims. If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, this matter will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

**B.     State Law Claims**

Plaintiff's Complaint enumerates seven "counts" against Defendants including "False Accusations," "Negligence," "Intimidation," "Harassment," "Emotional Distress," "Pain and Suffering," and "Deprivation of Rights." (*Id.* at CM/ECF pp. 2-5.) Liberally construing the Complaint, the majority of Plaintiff's claims arise under state law. At this time the court makes no determination as to the validity of Plaintiff's state law claims or whether the court has supplemental jurisdiction over them.

IT IS THEREFORE ORDERED that:

4

1. Plaintiff shall have 30 days to amend his Complaint and clearly state a claim upon which relief may be granted in accordance with this Memorandum and Order. If Plaintiff fails to file an amended complaint, Plaintiff's claims against Defendants will be dismissed without further notice for failure to state a claim upon which relief may be granted.

2. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (filing no. 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

3. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on September 8, 2011.

4. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

DATED this 8th day of August, 2011.

BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.