IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MARLIN E. JONES, | ) | 8:11CV130 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| CITY OF NORTH PLATTE, MIKE | ) | |
| SWAIN, Chief of Police, JIM ADY, | ) | |
| Police Officer, and MONTE | ) | |
| MCNEIL, Police Officer, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on its own motion. On August 8, 2011, this court conducted an initial review of Plaintiff's Complaint and found that Plaintiff failed to state a claim upon which relief may be granted. (Filing No. 7.) Specifically, the court was "unable to determine from the face of the Complaint which, if any, federally cognizable civil rights Plaintiff alleges to have been deprived." (*Id.* at CM/ECF p. 3.) In addition, Plaintiff failed to "allege that there is a continuing, widespread, persistent pattern of unconstitutional misconduct by the City of North Platte or its employees, or that the City of North Platte's policymaking officials were deliberately indifferent to or tacitly authorized any unconstitutional conduct." (*Id.* at CM/ECF p. 4.) On the court's own motion, the court gave Plaintiff 30 days to amend his Complaint to clearly state a claim upon which relief may be granted against Defendants. (*Id.* at CM/ECF p. 5.) On October 21, 2011, the court gave Plaintiff an additional 21 days to supplement his amended Complaint. (Filing No. 11.)

Plaintiff filed two identical Amended Complaints on September 8, 2011, and November 14, 2011. (Filing Nos. 10 and 16.) However, even liberally construed, Plaintiff's Amended Complaints suffer from the same defects as the original Complaint. Indeed, except for the addition of two paragraphs relating to "custom and pattern," in which Plaintiff generally alleges that the City of North Platte has

discriminated against him in the past, the allegations of the Amended Complaints are identical to the original. As such, Plaintiff has not set forth enough factual allegations to "nudge[] [his] claims across the line from conceivable to plausible," and his claims "must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). For these reasons, and for the reasons set forth in the court's August 8, 2011, Memorandum and Order, Plaintiff's Amended Complaints fail to state a claim upon which relief may be granted.

IT IS THEREFORE ORDERED that: Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), this matter is dismissed without prejudice because Plaintiff has failed to state a claim upon which relief may be granted. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 7th day of December, 2011.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.